■ In the Matter of DE-CON MECHANICAL CONTRACTORS, INC., Appellant, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents.—Judgment (denominated an order) Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about July 12, 1989, dismissing the petition is unanimously affirmed, without costs.

In this CPLR article 78 proceeding challenging the award of

a heating and ventilating contract for housing rehabilitation, the unsuccessful bidder petitioner disputes the award to the low bidder. Petitioner urges that the performance and payment bonds supplied by the respondent, Royal Industrial Sales Corp., were invalid. It is claimed that the bonds supplied were a material deviation from the respondent Department of Housing Preservation and Development's bid specifications. It is to be noted that this proceeding is the third in a series revolving around Royal's bonds, which are provided by a surety company.

The petitioner provides no basis to find that the municipal respondent's acceptance of the low bidder's bond was arbitrary or capricious. General Municipal Law § 103 (1) was not violated. Royal was the low responsible bidder providing the required security for the work to be performed pursuant to the contract. (Matter of Superior Hydraulic v Town Bd., 88 AD2d 404, 407-408, appeal dismissed 58 NY2d 824.) Contrary to petitioner's protestations, the city, in awarding the heating work contract, had a right to accept the multiple bonds provided by Royal through its surety, which was the functional equivalent of a single bond. (Matter of Cataract Disposal v Town Bd., 53 NY2d 266.) All of the present bonds will stand as security until the work on the project is completed. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.